## STATE *vs.* FRED WITHEE.

### Somerset.    Opinion April 18, 1895.

*Indictment.   Pleading.   False Pretenses.   R. S., c. 126, § 1.*

In an indictment for cheating by false pretenses framed under a statute declaring that, " whoever designedly, and by any false pretense" obtains from another any money, goods, or other property, shall be deemed guilty of cheating by false pretenses, *held:* that the word "designedly" describes an essential element of the crime; and its omission, or words equivalent thereto, will be fatal to the indictment.

*Held, also,* that in such an indictment the time when the offense was committed is a necessary allegation; and its omission, although accidental, is fatal to its validity.

ON EXCEPTIONS.

The defendant was found guilty upon the following indictment:

"Somerset, ss.—At the Supreme Judicial Court, begun and holden at Skowhegan, within and for the county of Somerset, on the third Tuesday of March in the year of our Lord one thousand eight hundred and ninety-four.

The jurors for the State aforesaid, upon their oaths present that Fred Withee of Madison, in the County of Somerset, and State of Maine, on the twelfth day of March in the year of our Lord one thousand eight hundred and ninety-four, at Anson in the County of Somerset aforesaid, contriving and intending to cheat and defraud one Fred D. Moore of said Anson did knowingly and falsely pretend to said Fred D. Moore that a certain horse which he, the said Fred Withee, then and there wished and offered to exchange with said Fred D. Moore for a certain horse

which the said Fred D. Moore, then and there had, was a sound horse and said Fred Withee then and there further represented that his said Fred Withee's horse which he then and there offered to exchange with said Fred D. Moore was not the Andrew Hilton horse, by which false pretenses and false representations said Fred Withee then and there induced said Fred D. Moore to exchange with and deliver to said Fred Withee his said Fred D. Moore's said horse for said horse of said Fred Withee's falsely represented to be sound, and further represented to be not the Andrew Hilton horse; whereas in truth and in fact the horse which said Fred Withee offered to and exchanged with said Fred D. Moore, which said Fred Withee represented as a sound horse and not the Andrew Hilton horse, was unsound and was the Andrew Hilton horse and wholly worthless, and whereas the said horse said Fred D. Moore offered to exchange with said Withee was of great value, to wit, of the value of sixty dollars, wherefore by reason of the false and fraudulent representations of said Fred Withee said Fred D. Moore was induced to part with his said horse and was thereby defrauded and injured, against the peace of the state and contrary to the form of the statute in such case made and provided.

"And the jurors aforesaid, for the state aforesaid, upon their oaths do further present that Fred Withee of Madison, in the County of Somerset and State of Maine, feloniously devising and intending to cheat and defraud one Frank Moore of Anson, in said Somerset County, did then and there falsely and feloniously and designedly pretend to one Fred D. Moore, the duly authorized and general agent of said Frank Moore, that a certain horse which he, the said Fred Withee, then and there wished and offered to exchange for a certain horse owned by said Frank Moore, then and there in possession of said Fred D. Moore, was sound, and said Fred Withee then and there further represented to said Fred D. Moore, that his said Fred Withee's horse which he then and there offered to exchange with said Fred D. Moore, was not the Andrew Hilton horse but that it came from down east, by reason of which false pretenses and false representations said Withee then and there induced the said Fred D. Moore to

exchange with and deliver to said Fred Withee the said horse of Frank Moore, for said horse of said Fred Withee falsely represented to be sound, and not the Andrew Hilton horse ; whereas in truth and in fact the horse which said Fred Withee offered to and exchanged with said Fred D. Moore, which said Withee represented as a sound horse, that it came from down east and was not the Andrew Hilton horse, was unsound, did not come from down east but was the Andrew Hilton horse and totally worthless and whereas the horse owned by Frank Moore, which said Fred D. Moore offered to, and exchanged with said Fred Withee was a horse of great value, to wit, sixty dollars, wherefore by reason of the false representations of said Fred Withee, said Fred D. Moore, relying on the representations of said Fred Withee, was thereby induced to part with the said horse of Frank Moore and by reason of such false and fraudulent representations of said Fred Withee, said Frank Moore was thereby defrauded and injured, against the peace of the state and contrary to the form of the statute in such case made and provided."

(Motion in arrest.) "And now within two days after verdict of guilty and before sentence, comes the said Fred Withee and prays that judgment against him may be arrested, and for cause says :

First.  Said bargain and exchange are not sufficiently set forth in said indictment.

Second.  There is no averment or allegation in said indictment that the false pretenses or false representations set out in said indictment, were made with a view or design or intent to effect the exchange of horses set out in said indictment.

Third.  Said indictment does not contain any sufficient averment or allegation that by reason of any false pretenses said Moore was induced to exchange his mare for the horse of the said Fred Withee.

Fourth.  For other manifest defects in the indictment aforesaid appearing.

Fifth.  Both counts in said indictment charge two separate offenses in each count—whereas by law but one offense can be charged in one count.

The motion in arrest of judgment was overruled and the defendant took exceptions. He also took exceptions to matters of evidence, but they are not considered by the court and, therefore, no report of them is necessary.

*Frank W. Hovey*, county attorney, for the state.
*J. J. Parlin*, *S. J. and L. L. Walton*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

WALTON, J. At the trial of this case in the court below, exceptions were taken to several of the rulings of the presiding justice ; but we do not find it necessary to consider these exceptions, for the reason that we are satisfied that the motion in arrest of judgment for the insufficiency of the indictment must be sustained.

The defendant is accused of cheating by false pretenses. It appears that he, and one Fred D. Moore swapped horses ; and it is alleged in the indictment that the defendant falsely pretended that his horse was sound and that he falsely represented that he came from down east and was not the Andrew Hilton horse.

The indictment contains two counts. We think the first count is defective in omitting to allege that the false pretenses were made with a view or design to effect an exchange of horses. The statute on which the indictment is founded declares that, "whoever *designedly*, and by any false pretense," obtains from another any money, goods, or other property, shall be deemed guilty of cheating by false pretenses, and be punished therefor by fine or imprisonment. R. S., c. 126, § 1. It will be noticed that the statute uses the word "designedly." And this word has been inserted in all of the indictments founded on this statute, to which our attention has been called. In *State* v. *Mills*, 17 Maine, 211, the indictment alleged that the defendant did knowingly and " designedly " falsely pretend, etc. In *State* v. *Philbrick*, 31 Maine, 401, the indictment alleged that the defendant did falsely, knowingly, and " designedly " pretend, etc. In *State* v. *Stanley*, 64 Maine, 157, the indictment alleged that the defendant knowingly, "designedly," and falsely pretended, etc.

In *State* v. *Paul*, 69 Maine, 215, the indictment alleged that the defendant unlawfully, knowingly, and "designedly" did falsely pretend, etc. In *Com.* v. *Strain*, 10 Met. 521 (a leading Massachusetts case), the indictment alleged that the defendant unlawfully, knowingly, and "designedly" did falsely pretend, etc. The word "designedly" describes an essential element of the crime which none of the words or phrases in the first count of the indictment in this case do or can supply.

In the second count in the indictment the word "designedly" is properly inserted. But there is another omission in this count which is fatal to its validity. It omits to state the time when the alleged offense was committed. The omission was undoubtedly accidental, but it is none the less fatal. *State* v. *Beaton*, 79 Maine, 314; *State* v. *O'Donnell*, 81 Maine, 271; *State* v. *Dodge*, 81 Maine, 391; *State* v. *Fenlason*, 79 Maine, 117; *State* v. *Baker*, 34 Maine, 52.

The exceptions to the overruling of the motion in arrest of judgment are sustained, and the judgment is arrested, and the indictment quashed.

*Indictment quashed.*